IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: | § § | Case No. 11-51042-LMC |
| LEGAL XTRANET, INC., d/b/a ELUMICOR, | § § § § | (Chapter 11) |
| Debtor. | § § | |
| LEGAL XTRANET, INC. d/b/a ELUMICOR, | § § § | SA11MC0413 FB |
| Plaintiff, v. | § § § | ADV. NO. 11-05042-LMC |
| AT&T MANAGEMENT SERVICES, L.P. f/k/a SBC MANAGEMENT SERVICES, L.P., | § § § § § | |
| Defendant. | § | |

AT&T MANAGEMENT SERVICES, L.P.'S
MOTION TO WITHDRAW THE REFERENCE

Now comes AT&T Management Services, L.P. f/k/a SBC Management Services, L.P. on behalf of itself and all of its affiliates (collectively "AT&T") and states:

I.
INTRODUCTION

1. Pursuant to contract, Plaintiff for many years provided electronic discovery support services for AT&T. AT&T terminated the contract for convenience in December 2010. Prior to the instant bankruptcy filing, Plaintiff sued AT&T in state court. While nominally styled as a declaratory judgment action, the Plaintiff's petition, in essence, seeks money pursuant to the contract. Plaintiff filed a demand for a jury trial (and paid the jury fee) with the state court ensuring that all questions of fact would be resolved by a jury unless all parties agreed to waive

95052769.6

- 1 -

the jury trial. Plaintiff then filed bankruptcy and removed the state court action, which became the above styled adversary proceeding.

2.  AT&T moves to withdraw the reference in this proceeding. First, AT&T has the right to a jury trial because the action sounds in contract. AT&T has not consented to and does not consent to the bankruptcy court presiding over a jury trial. Accordingly, the reference must be withdrawn so that a jury trial may be conducted before a federal district court. Second, this is a non-core proceeding. AT&T has not consented to the bankruptcy court issuing final judgments in this non-core proceeding. Therefore, it is also appropriate to withdraw the reference so that the district court can issue a final judgment in this proceeding.

## II.
## EXHIBITS AND LOCAL RULE 5011(B) LIST

3.  Pursuant to Local Rule 5011(b), here is a list all pleadings that may be relevant to the Court's disposition of the motion, including docket entry numbers, as well as exhibits to support his motion.

| Exhibit | Document | Dkt. # | Comment |
|---|---|---|---|
| ATT1 | Docket from State Court | | |
| ATT2 | LXI State Court Petition with attached Master Agreement | | Withheld pending Court's entry of order unsealing most of record |
| ATT3 | AT&T Answer with Counterclaim | | |
| ATT4 | LXI Jury Demand | | |
| ATT5 | Notice of Removal | 1 | |
| ATT6 | 9027 Statement | 18 | |
| ATT7 | LXI Initial Disclosures | | |
| ATT8 | Termination Letter | | |

95052769.6

## III.
## BACKGROUND

A. **Debtor and the Master Agreement**

4. The Debtor, Legal Xtranet, Inc. ("**LXI**"), is in the business of providing e-discovery support and database management services.

5. AT&T entered into an agreement (herein the "**Master Agreement**") with LXI in December 2000, engaging LXI to perform certain work for the purpose of enabling AT&T "to meet [its] legal obligations to produce documents and other information in response to discovery requests in pending and anticipated legal proceedings." Ex. ATT2 at Ex. A, p. 4 (Preamble). The Master Agreement further provides that "in the course of performing services for [AT&T], LXI and its personnel will receive for processing certain 'Information' which is defined as including 'all documents and other materials that [AT&T] may deliver to LXI for processing under this Agreement or any Order.'" Ex. ATT2 at Ex. A, p. 5 and 13. While operating under the Master Agreement, AT&T provided LXI Information including hundreds of millions of pages of documents relating to approximately 150 currently pending legal proceedings as well as some concluded proceedings. LXI, as stated in paragraph 18 of its State Court Action Petition, compiled that information into a database for each legal proceeding.

6. By letter dated December 17, 2010, AT&T terminated the Master Agreement effective March 18, 2011. Ex. ATT8. Upon termination of the Master Agreement, LXI "shall return all such Information" to AT&T unless AT&T instructs LXI to destroy such Information. Ex. ATT2 at Ex. A, p. 13. The Master Agreement has a post termination provision called Transition Assistance Following Termination that provides that LXI shall provide reasonable assistance as AT&T may require for the purpose of transferring custody of AT&T's Information, and that LXI may charge no more than a reasonable charge for such assistance. Ex. ATT2 at Ex.

95052769.6

- 3 -

A, p. 23. On or about April 26, 2011, LXI and AT&T executed a Data Migration Protocol establishing a procedure for transferring AT&T's data to AT&T's new vendor, but the parties have not resolved other issues raised by the pleadings.

**B.     The State Court Action**

7.     On March 14, 2011, a state court petition ("**LXI Petition**") was filed by plaintiff LXI initiating the following action: *Legal Xtranet, Inc. d/b/a elumicor v. AT&T Management Services, L.P. f/k/a SBC Management Services, L.P.* as Cause No. 2-011-CI-04247 in the 37th Judicial District Court of Bexar County, Texas ("**State Court Action**").

8.     The LXI Petition nominally requests declaratory judgment with respect to the Master Agreement that LXI is not required to turn over to AT&T its documents in LXI's proprietary and trade secret software format, that the Fourth Rate Amendment to the Master Agreement is effective, and that the applicable rate for export and migration under the Transition Assistance Following Termination clause is a certain cents per page charge plus an equal and proportional share of a repository management fee. Ex. ATT2 at 9. In essence, LXI asserts a contract claim and seeks money from AT&T to return AT&T's data to AT&T. The LXI Petition also seeks a declaration that AT&T is responsible for certain sales taxes and also seeks recovery of attorney fees. Ex. ATT2 at 9.

9.     AT&T responded to the LXI Petition on March 18, 2011 with Defendants' Original Answer, Counterclaim,[1] Verified Application For Temporary Restraining Order, Temporary Injunction, And Expedited Trial Setting. Ex. ATT3. In that pleading, AT&T sought damages for conversion of AT&T's Information and Database and also sought damages for breach of contract alleging LXI's (1) adverse and contested possession and control over AT&T's

---

[1] As stated below, prior to any hearing on this motion AT&T intends to amend its answer and drop its breach of contract counterclaims. AT&T also intends to add recoupment defenses to its answer.
95052769.6

- 4 -

Information and the Database, and (2) publication of AT&T's proprietary and confidential pricing information violated the Master Agreement. AT&T also sought injunctive relief compelling the return of AT&T's property and sought recovery of attorneys' fees. Ex. ATT3 at 7, 15.

C.  **Jury Demand in the State Court**

10.  LXI filed a Jury Demand and Notice of Payment of Jury Fee on March 22, 2011 in the State Court Action. Ex. ATT4.

D.  **Bankruptcy and Removal**

11.  On March 28, 2011, LXI filed a chapter 11 bankruptcy case and LXI removed the State Court Action to bankruptcy court. The Notice of Removal asserts 28 U.S.C. § 1452 as the sole grounds for removal. Adv. Dkt. 1, ATT5. The Notice of Removal alleges jurisdiction under 28 U.S.C. § 1334 and that this is a core proceeding under 28 U.S.C. § 157, without specifying any subdivision of section 157. Adv. Dkt. 1, ATT5. The Notice of Removal states "Damages are claimed in the action against Defendant which are matters within the jurisdiction of the Bankruptcy Court and directly affect the Debtor's Estate, and the Debtor's ability to reorganize." Adv. Dkt. 1, Ex. ATT5.

12.  On March 29, 2011, AT&T filed an Emergency Motion to Remand ("**Remand Motion**"). Dkt. 5. The Remand Motion alleges as equitable grounds for remand the allegations in its contemporaneously filed AT&T Management Services, L.P.'s Emergency Motion To Dismiss. The Remand Motion also alleges as grounds for remand the mandatory abstention grounds of 28 U.S.C § 1334(c)(2) and the permissive, or discretionary, grounds for abstention under 28 U.S.C § 1334(c)(1). The Remand Motion is currently set for hearing before the bankruptcy court on **May 13, 2011**.

95052769.6

- 5 -

E.  **9027(e) Statement With Jury Demand and Non-Consent**

13. On April 8, 2011, AT&T filed AT&T Management Services, L.P.'S Statement Pursuant To Rule 9027(e)(3) ("**9027 Statement**"). Adv. Dkt. 18, ATT6. That 9027 Statement states in pertinent part:

> Pursuant to Fed. R. Bankr. P. 9027(e)(3), Defendant avers that the proceeding in question is a "non-core" proceeding. Defendant does not consent to entry of final orders or judgment by the bankruptcy judge. . . . Pursuant to 28 U.S.C. § 157(c)(2), Defendant respectfully does not consent to the bankruptcy judge hearing and determining matters referred to the bankruptcy judge in this proceeding, and Defendant respectfully does not consent to the bankruptcy judge entering orders and judgments in this proceeding. . . . Defendant is entitled to a jury trial on all issues in this action, and hereby demands a jury trial on all issues. . . . Defendant respectfully does not consent to the bankruptcy judge presiding over a jury trial in this proceeding. *See* 28 U.S.C. § 157(e); Fed. R. Bankr. P. 9015(b).

Adv. Dkt. 18, Ex. ATT6.

F.  **LXI's Initial Disclosures**

14. On April 21, 2011, LXI served its Initial Disclosures in this case. Ex. ATT7. In these Initial Disclosures, LXI alleges, among other things, that it seeks $16,000,000 in actual damages for declaratory judgment regarding export, $16,000,000 in actual damages for wrongful injunction, $16,000,000 in actual damages for tortious interference, and exemplary damages "subject to the discretion of the jury or court." Ex. ATT7.

G.  **Intent to Withdraw Counterclaim**

15. With its answer to the LXI Petition, AT&T filed breach of contract counterclaims. AT&T intends to amend its answer to withdraw the breach of contract counterclaims as affirmative claims. AT&T also intends to add purely defensive recoupment affirmative defenses such that AT&T may reduce any recovery by LXI. Recoupment allows a defendant to reduce the amount of a debtor-plaintiff's claim by asserting a defense, which arose out of the same transaction, to arrive at a just and proper liability on the plaintiff's claim. *Kosadnar v.*

95052769.6

*Metropolitan Life Ins. Co. (In re Kosadnar)*, 157 F.3d 1011, 1013 (5th Cir. 1998). Recoupment is a defense that goes to the foundation of the plaintiff's claim by deducting from the plaintiff's recovery all just allowances or demands accruing to the defendant with respect to the same contract or transaction. *Distribution Services, Ltd. v. Eddie Parker Interests, Inc.*, 897 F.2d 811, 812 (5th Cir. 1990). Recoupment is a "purely defensive" procedure. 897 F.2d at 813.

## IV.
## ARGUMENT AND AUTHORITIES

H. **Determination of Jury Trial Right**

16. AT&T demands a jury and seeks a determination of the parties' rights to a jury trial.

I. **Timely Jury Demands Have Been Made**

17. Fed. R. Bankr. P. 9015 incorporates Fed. R. Civ. P. 38. Rule 38(b) provides that a written jury demand be served no later than 14 days after the last pleading directed to the issue is served. LXI made a timely pre-removal jury demand.[2] Furthermore, AT&T made a timely jury demand in the 9027 Statement.[3] If one party makes a jury demand, that party may not withdraw its jury demand absent consent of the other party. Fed. R. Civ. P. 38(d); *Bennett v. Pippin*, 74 F.3d 578, 586-87 (5th Cir. 1996)(defendant could rely on plaintiff's jury demand).

18. Local Rule 9015(a) states:

(a) Consent to Jury Trial Before Bankruptcy Court

(1) By the Party Demanding Jury Trial. If a jury trial is requested in a matter pending before the Bankruptcy Court, the requesting party shall file with the

---

[2] A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. Fed. R. Civ. P. 81(c)(3)(A) (incorporated by Fed. R. Bankr. P. 9015(a)). LXI's jury demand and fee was made a reasonable time before the date set for trial and at least 30 days before a trial setting on the non-jury docket, as required by Tex. R. Civ. P. 216.

[3] If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after: . . . (ii) it is served with a notice of removal filed by another party. Fed. R. Civ. P. 81(c)(3)(B)(ii) (incorporated by Fed. R. Bankr. P. 9015(a)). AT&T's jury demand was made on April 8, within 14 days of the March 28 removal.

95052769.6

Court, in a separate pleading and contemporaneously with the jury demand, a separate pleading entitled "Statement Regarding Consent," setting forth the following: (A) whether the requesting party consents to the conduct of the jury trial by the Bankruptcy Court; (B) whether the matter is one to which the Seventh Amendment right to jury trial attaches, and the grounds therefore; (C) whether the matter is a core or non-core proceeding, and the grounds therefore; and (D) if the matter is a non-core proceeding, whether the party consents to the entry of a final order by the Bankruptcy Court.

(2) By the Parties to the Litigation in Response to a Jury Demand. Within fifteen (15) days after the filing of a jury demand and the Statement Regarding Consent required under paragraph (a)(1) of this Rule, each party to the litigation shall file with the Court in a separate contemporaneous pleading, a "Response Regarding Consent," addressing each of the four matters referenced above.

19. LXI has not filed such a "Statement Regarding Consent" under Local Rule 9015(a)(1). AT&T did separately file its 9027 Statement, which contained the information required by Local Rule 9015(a)(1).

20. There is a two-part test for determining whether a party is entitled to a Seventh Amendment right to a jury trial. *See In re Jensen*, 946 F.2d 369, 371 (5th Cir. 1991). First, compare the action to 18th-century actions brought in the courts of law and equity. *Id.* Second, examine the remedy sought and determine whether it is legal or equitable in nature. *Id.* The second stage of this analysis is more important than the first. *Id.*

21. Although the LXI Petition nominally seeks a declaratory judgment, the substance of LXI's action is one on a contract, and the primary issue is what the contract says and what constitutes a reasonable charge under the Master Agreement.[4] These are legal issues to be tried to a jury because the underlying dispute is based on the contract and a jury demand was made prior to the removal of this action to bankruptcy court. To determine whether there is a right to a jury trial in a declaratory judgment action, it is necessary to determine what kind of action would

---

[4] See ATT2 at Ex. A, p. 23, allowing for recovery of not more than a "reasonable charge". Moreover, LXI's Initial Disclosures plainly reveal the nature of LXI's claim - a multi-million dollar request for contractual damages. See ATT7.

95052769.6

have been pursued if there were no declaratory judgment procedure; if that action is one for breach of contract, a jury trial right exists. *See Monroe Prop., LLC v. Bachelor Gulch Resort, LLC*, 374 F. Supp. 2d 914, 923 (D. Colo. 2005). That is precisely the situation here.

22.   *Simler v. Conner* was a declaratory judgment action brought by a client against his lawyer to determine the contractual obligation for the client to pay a "reasonable fee." 372 U.S. 221, 223 (1963). The Supreme Court held that the basic character of the case was a suit to determine and adjudicate the amount of fees under a contract, which is traditionally a legal action, and held that a jury trial right existed. *Id.* The Court noted "The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested." *Id.* In the instant case, the contract in issue calls for the recovery by LXI of no more than a "reasonable charge" for the exportation of AT&T's Information, and the Plaintiff's claim seeks to determine the amount of that charge. The same holds true if the action is one for ordinarily equitable remedies such as injunctive relief and accounting. *See Dairy Queen v. Wood*, 369 U.S. 469, 479 (1962). In that case, Dairy Queen had granted a license to Wood to use the Dairy Queen trademark. 369 U.S. at 473. Dairy Queen sued Wood, alleging that Wood had committed a material breach of the contract, but the remedies sought in the complaint were an injunction and an accounting. 369 U.S. at 475. Wood's answer denied any breaches of contract, raised laches and estoppel defenses, alleged violations of antitrust laws, and made a jury demand. 369 U.S. at 476. The Supreme Court held that Wood was entitled to a jury trial. 369 U.S. at 479. The Court stated:

> The most natural construction of [Dairy Queen's] claim for a money judgment would seem to be that it is a claim that they are entitled to recover whatever was owed them under the contract as of the date of its purported termination plus damages for infringement of their trademark since that date. . . As an action on a

95052769.6

- 9 -

debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character.

369 U.S. at 476-77. The characterization of the remedies as equitable did not affect the jury trial right. The Court noted:

> [Dairy Queen's] contention that this money claim is "purely equitable" is based primarily upon the fact that their complaint is cast in terms of an "accounting," rather than in terms of an action for "debt" or "damages." But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings.... A jury, under proper instructions from the court, could readily determine the recovery, if any, to be had here, whether the theory finally settled upon is that of breach of contract, that of trademark infringement, or any combination of the two.

369 U.S. at 477-78.

23. As in the instant case, *Dairy Queen* involved an issue of "just what the contract is." The Court noted that this was an issue for the jury:

> [Wood's] primary defense to the charge of breach of contract -- that is, that the contract was modified by a subsequent oral agreement -- presents a purely legal question . . . [Wood] has a right to have the jury determine not only whether the contract has been breached and the extent of the damages if any but also just what the contract is.

369 U.S. at 479.

24. Furthermore, LXI is attempting to pursue a yet-unpled action for tortious interference,[5] which, if allowed, is triable to a jury. *In re Jensen*, 946 F.2d 369, 371 (5th Cir. 1991).

### J.   No Consent, No Special Designation Regarding Bankruptcy Judge Presiding Over Jury Trial

25. Section 157(e) of Title 28 states:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if

---

[5] AT&T notes that it does not consent to trial on any theories, including tortious interference, that do not appear in LXI's pleadings.

95052769.6

specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e).

26. As noted above, AT&T has given notice in its 9027 Statement that it does not consent to a jury trial in bankruptcy court. The bankruptcy court has not been specially designated to preside over the jury trial.

K. **This is a Non-Core Proceeding**

27. Section 157(b) of Title 28 defines core[6] proceedings. 28 U.S.C. § 157(b). Generally speaking, a non-core proceeding equates to a proceeding where the causes of action are merely "related to" a bankruptcy case, while core proceedings are those that "arise under" the bankruptcy code or "arise in" a bankruptcy case. *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)(the phrases "arising under" and "arising in" are helpful indicators of the meaning of core proceedings). A proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *Id.* "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Id.*

28. There are no bankruptcy causes of action alleged herein, and this action, having been filed in state court, could (and did) exist outside of bankruptcy. Moreover, the causes of action alleged do not appear in any of the "laundry list" of core proceedings in 28 U.S.C. §

---

[6] The term "core" originates from *Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (In re Northern Pipeline Construction Co.)*, 458 U.S. 50 (1982), which held that the adjudication of state-created private rights is not at the core of the federal bankruptcy power. *Id.* at 71. Section 157 of Title 28 was enacted in response to *Marathon*. With the enactment of the statutory bankruptcy jurisdiction scheme, Congress did not intend to contravene *Marathon*. *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1102 (2d Cir. 1993).

95052769.6

157(b)(2). This is a state court contractual dispute initiated by LXI. Such disputes are non-core proceedings. *See, e.g., Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (In re Northern Pipeline Construction Co.)*, 458 U.S. 50, 71 (1982)("But the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case."); *Wood*, 825 F.2d at 97 (simply a state contract action that, had there been no bankruptcy, could have proceeded in state court); *Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 368 (5th Cir. 2008)(Debtor sued third party for breach of contract; held: non-core; "As in *In re Wood*, the instant claim is 'not based on any right created by the federal bankruptcy law,' but instead is 'simply a state contract action that, had there been no bankruptcy, could have proceeded in state court.'"); *Enron Power Mktg. v. City of Santa Clara (In re Enron Power Mktg.)*, 2003 U.S. Dist. LEXIS 189, 30-31 (S.D.N.Y. Jan. 8, 2003)(action for post-petition breach of pre-petition contract not a core proceeding); *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32, 38 n.8 (S.D.N.Y. 2000)(pre-petition breach of contract claim is not a core proceeding when the defendant has not yet filed a proof of claim).

L. **Withdrawal of the Reference**

29. Section 157(d) of title 28, U.S.C. provides in pertinent part:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. §157(d).

30. This motion is "timely" within the meaning of 28 U.S.C. §157(d). This action was filed in the state court on March 14, 2011 and removed on March 28, 2011. Moreover, L. Rule 9015(b) states:

(b) Withdrawal of the Reference in the Event of Non-Consent

95052769.6

- 12 -

> If the Court grants the jury demand and a party has refused to consent to the Bankruptcy Court's conduct of the jury trial, then any party may, within fifteen (15) days, file a motion to withdraw the reference, attaching a copy of the Court's order and a copy of the party's refusal to consent. If no party timely files such a motion, the Court shall strike the jury demand.

31. Herein, the Court has not yet granted a jury demand, so the 15 day deadline under L. Rule 9015(b) has not yet begun.

## M. Procedure for Withdrawal of the Reference

32. A motion for withdrawal of a case or proceeding shall be heard by a district judge. Fed. R. Bankr. P. 5011 (a). However, motions to withdraw are filed with the bankruptcy court, and the bankruptcy court transmits the motion and any responses to the district court. L. Rule 5011.[7]

## N. Grounds for Withdrawal of the Reference: Jury Trial

33. AT&T is entitled to a jury trial and has not consented to the bankruptcy court presiding over a jury trial. Under *In re Clay*, the reference should be withdrawn. 35 F.3d 190 (5th Cir. 1994). In *Clay*, the bankruptcy estate sued the Clays in bankruptcy court alleging, among other things, that the Clays received a fraudulent transfer. *Id.* at 191. The Clays requested a jury trial, did not consent to the bankruptcy court presiding over the jury trial, and moved to withdraw the reference. *Id.* The district court denied the motion to withdraw the reference, concluding that the bankruptcy court had the power to preside over this jury trial. *Id.* The defendants filed a petition for mandamus with the Fifth Circuit. *Id.* The Fifth Circuit held that the bankruptcy judge did not have the authority to preside over a jury trial absent the parties' consent. *Id.* at 197. The Fifth Circuit granted the writ of mandamus and instructed the district

---

[7] A motion to withdraw the reference and any responses thereto shall be filed under the style and number of the bankruptcy case or adversary proceeding in which reference is sought to be withdrawn and shall be filed with the Clerk of the Bankruptcy Court. L.Rule 5011(b). The Clerk of the Bankruptcy Court will transmit the motion to withdraw the reference and timely filed responses to the District Court. L.Rule 5011(b). Pursuant to L. Rule 5011, the form of order submitted herewith is for the district court rather than the bankruptcy court.

95052769.6

court to withdraw the reference and honor the defendants' demand for a trial by jury before an appropriate United States District Court. *Id.* at 198.

**O.     Grounds for Withdrawal of the Reference: Non-Core Proceeding**

34.     Another ground for withdrawal of the reference is that this is a non-core proceeding where AT&T has not consented to the bankruptcy court issuing final orders. Assuming *arguendo* that there is no jury trial and the bankruptcy court is the finder of fact, under 28 U.S.C. § 157(c), the bankruptcy court submits proposed findings and conclusions to the district judge, and the district judge reviews *de novo* those matters to which any party has timely and specifically objected.

35.     Because of the requirement for *de novo* review in non-core matters, many courts have held that it is a more efficient use of judicial resources, or it reduces delay and costs, if the reference is withdrawn. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1007 n.3 (9th Cir. Cal. 1997) ("Inasmuch as a bankruptcy court's determinations on non-core matters are subject to *de novo* review by the district court, unnecessary costs could be avoided by a single proceeding in the district court."); *Veys v. Riske*, 2007 U.S. Dist. LEXIS 90623 *5 (W.D. Wash. Nov. 28, 2007) (where non-core issues predominate, withdrawal may promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's *de novo* review of bankruptcy court determinations; declining to withdraw the reference of this matter to the bankruptcy court would not promote principles of judicial economy and would instead needlessly require the time and attention of two courts rather than one); *Coe-Truman Techs. v. United States Gov't (In re Coe-Truman Techs.)*, 214 B.R. 183, 187 (N.D. Ill. 1997)(as a non-core proceeding, the bankruptcy court's decision will be subject to *de novo* review so it is a more efficient use of judicial resources for the district court to decide this case in the first instance); *Zahn v. Yucaipa Capital Fund (In re Almac's)*, 202 B.R. 648, 659

95052769.6

(D.R.I. 1996)(reference should be withdrawn to avoid the waste of judicial resources that would result if the district court is forced to conduct *de novo* review); *Met-Al, Inc. v. Hansen Storage Co.*, 157 B.R. 993, 1002 (E.D. Wis. 1993)(*de novo* review of non-core matters a factor favoring withdrawal of the reference); *Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792 (D. Md. 1992)(because of *de novo* review, a referral appears to be a futile detour, requiring substantial duplication of judicial effort).

36.     Furthermore, because this is a non-core proceeding with a jury trial right, if a jury trial were to be conducted before the bankruptcy judge, then the bankruptcy judge's report would, of necessity, have to incorporate the jury's findings of fact. *Blackwell v. Zollino (In re Blackwell)*, 267 B.R. 724, 729 (Bankr. W.D. Tex. 2001). The report being subject to *de novo* review under Section 157(c), however, means that the resulting procedure would violate the Seventh Amendment's prohibition on the retrial of any matter decided by a jury. *Id.*, citing U.S. CONST. amend. VII; and *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d. Cir. 1993) ("The Seventh Amendment's Reexamination Clause, which states that 'no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law,' likely would prohibit jury trials in bankruptcy courts in non-core proceedings due to the district court's *de novo* review of such proceedings.").

## V.
## PRAYER

Wherefore, Movant prays that this court transmit the motion to withdraw the reference, and upon due consideration by the district court, that the district court withdraw the reference in this proceeding, and for all other relief to which Movant shows itself justly entitled.

Dated: May 6, 2011                                   Respectfully submitted,

**/s/Michael Parker**
Michael M. Parker
State Bar No. 00788163
mparker@fulbright.com
Steve A. Peirce
State Bar No. 15731200
speirce@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone:   (210) 224-5575
Facsimile:   (210) 270-7205

and

Ricardo G. Cedillo
State Bar No. 4043600
rcedillo@lawdcm.com
Troy A. Glander
State Bar No. 00796634
tglander@lawdcm.com
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212
Telephone: (210) 822-6666
Facsimile:   (210) 822-1151

COUNSEL FOR AT&T MANAGEMENT SERVICES, L.P. f/k/a SBC MANAGEMENT SERVICES, L.P.

95052769.6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, Motion to Withdraw the Reference was sent to all parties listed below on May 6, 2011 by either U.S. first class mail, postage prepaid or by electronic notification.

| | |
|---|---|
| William R. Davis, Jr.<br>Langley & Banack, Inc.<br>745 E. Mulberry Ave., Suite 900<br>San Antonio, TX 78212 | Randall A. Pulman<br>Pulman, Cappuccio, Pullen & Benson LLP<br>2161 NW Military Highway, Suite 400<br>San Antonio, TX 78213 |

/s/ Michael Parker